UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER C. GARDNER,

        Defendant.

Case No. 19-CR-99

[18 U.S.C §§ 1343, 2312 & 2]

## INDICTMENT

### COUNTS ONE THROUGH FOUR: WIRE FRAUD

THE GRAND JURY CHARGES THAT:

1. Beginning in or about March 2001 and continuing until in or about August 2018, in the State and Eastern District of Wisconsin, and elsewhere,

### CHRISTOPHER C. GARDNER

knowingly devised and carried out a scheme to defraud the estate of Roy Leiske, Leiske's heir R.M., R.W., R.W.'s agents, R.W.'s LLC, and all potential buyers of a rare and valuable antique automobile—a 1938 Talbot Lago T150C-SS "Teardrop Coupe"—into believing that Gardner had lawfully purchased that automobile in or about 2005 and that he had clear title to it when, in fact, Gardner had stolen that automobile from Roy Leiske's workshop on or about March 4, 2001. Defendant Gardner's scheme involved material misrepresentations and the concealment of material facts.

## Gardner's Scheme to Defraud

2. On or about March 4, 2001, Defendant Gardner burglarized, and caused two others to burglarize, Roy Leiske's workshop, located at 1801 N. Marshall Street in Milwaukee, Wisconsin.

3. During the burglary, Gardner stole, and caused the theft of, the 1938 Talbot Lago T150C-SS Teardrop Coupe, bearing chassis number 90108 and having a two-carburetor racing engine bearing number 17317C ("TL 90108"). It was one of only approximately 16 Talbot Lago Teardrop Coupes of its style ever made. When stolen, the TL 90108 was in a disassembled and unrestored condition.

4. After stealing the TL 90108, Gardner caused it to be transported from Wisconsin, and then kept in storage until after Roy Leiske died in July 2005.

5. In or about October 2005, Gardner forged bill of sale and title transfer documents falsely indicating that Gardner had legitimately bought the TL 90108 from Leiske's heir, R.M. Gardner forged those documents in order to defraud potential buyers into believing that Gardner was the true owner of the TL 90108 and could convey clear title to it.

6. On or about October 10, 2005, Gardner traveled to Milwaukee to meet with a Milwaukee Police Department ("MPD") sergeant to ask for assistance regarding the TL 90108. Gardner falsely and fraudulently told the MPD sergeant that even though the TL 90108 had been reported as stolen to the MPD in 2001, the previous owner's nephew had located parts to that automobile and Gardner was in the process of lawfully purchasing those parts from the nephew during October 2005.

7. On or about October 23, 2005, Gardner mailed to that MPD sergeant, at his home in Milwaukee, Wisconsin, a package containing, among other things:

- A signed statement in which Gardner falsely and fraudulently represented that he had purchased the TL 90108 from Leiske's heir, R.M., during October 2005;

- A Vehicle Identification Number (VIN) verification report, dated October 7, 2005, from the Stockton, California Police Department, indicating that the numbers "90108" and "17317C" were located on the frame of the TL 90108 that Gardner claimed to have purchased from R.M.;

- A forged bill of sale dated October 12, 2005, purportedly notarized by Wisconsin-licensed notary C.G., falsely indicating that Gardner had purchased the TL 90108 from R.M.; and

- A forged certificate of title, purportedly signed by Gardner and R.M. and notarized by C.G. on October 12, 2005, falsely indicating that R.M. had transferred title to the TL 90108 to Gardner.

8. On December 15, 2005, in reliance upon the materially false and forged documents that Gardner had sent him, the MPD sergeant wrote an official MPD clearance report indicating that the stolen TL 90108 had been "recovered" and that Gardner was lawfully in possession of that automobile after having bought it from its original owner Roy Leiske's nephew and heir, R.M. Based on that clearance report, the TL 90108 was removed from MPD's stolen property database.

9. On or about September 11, 2006, Gardner shipped the TL 90108 from Oakland, California, to Geneva, Switzerland.

10. Between 2007 and 2015, Gardner had the TL 90108 restored in France. However, Gardner replaced the original two-carburetor racing engine bearing number 17317C with a different Talbot Lago three-carburetor engine of that period. Gardner fraudulently caused that replacement engine to be stamped "17317C."

11. In 2015, Gardner caused the TL 90108 to be offered for sale to a potential buyer in Illinois having the initials R.W.

12. During 2015, Gardner falsely and fraudulently represented to R.W. and to R.W.'s agents, via email messages and conversations, that: (a) Gardner had purchased the TL 90108 from Leiske's heir, R.M., in October 2005; (b) Gardner was the true owner of the TL 90108 and could freely sell it; (c) the TL90108 was free and clear of all liens and encumbrances; and (d) the TL 90108 is an authentic 1938 Talbot Lago T150-C SS Coupe, with Chassis No. 90108 and Engine No. 17317C.

13. Gardner also provided R.W.'s agents, with intent to defraud, the false and forged documents referenced in paragraph 7 as well the fraudulently obtained December 15, 2005 MPD clearance report referenced in paragraph 8, which falsely indicated that the TL 90108 that Leiske had reported stolen in March 2001 had been "recovered" and that Gardner had lawfully bought it from Leiske's heir, R.M.

14. On or about August 27, 2015, in reliance on Gardner's false and fraudulent representations described in paragraph 12, and the forged and fraudulently obtained documents referenced in paragraph 13, an LLC owned by R.W. agreed to buy the TL 90108 from Gardner for a total price of $7,600,000, including $6,800,000 to be paid directly to Gardner.

15. R.W. would not have caused his LLC to purchase the TL 90108 from Gardner if Gardner had truthfully disclosed that Gardner had stolen the TL 90108 from Roy Leiske; that Gardner did not have lawful title to the TL 90108; and that Gardner had replaced its original racing engine with a different Talbot Lago engine.

### Executions of wire fraud scheme

16. On or about the dates listed below, for the purpose of carrying out the scheme to defraud regarding the TL 90108 automobile that he had stolen in the State and Eastern District of Wisconsin,

**CHRISTOPHER C. GARDNER,**

transmitted, and caused the transmission of, the following international wire communications:

| Count | Date | Execution |
|---|---|---|
| 1 | May 31, 2015 | Gardner sent an email message from his email account in Switzerland to an agent of R.W. and R.W.'s LLC in Essex, Massachusetts, representing that Gardner had clear title to the automobile. |
| 2 | August 22, 2015 | Gardner sent an email message from his email account in Switzerland to an agent of R.W. and R.W.'s LLC in Essex, Massachusetts, representing that Gardner owns and has clear title to the TL 90108. |
| 3 | August 24, 2015 | Gardner sent an email message from his email account in Switzerland to an agent of R.W. and R.W.'s LLC in Essex, Massachusetts, regarding payment for the TL 90108. |
| 4 | September 9, 2015 | Gardner caused an agent of R.W. and R.W.'s LLC in Essex, Massachusetts to wire $6,800,000, from Eastern Bank, located in Boston, Massachusetts, to an account at HSBC Bank PLC, located in Surrey, United Kingdom, as payment to Gardner for his sale of the TL 90108 to R.W.'s LLC. |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE: TRANSPORTATION OF
## STOLEN MOTOR VEHICLE IN FOREIGN COMMERCE

THE GRAND JURY FURTHER CHARGES THAT:

17. The allegations of paragraphs 1 through 15 are re-alleged and incorporated herein.

18. On or about December 5, 2015,

**CHRISTOPHER C. GARDNER**

caused a 1938 Talbot Lago T150C-SS Teardrop Coupe bearing chassis number 90108, which vehicle, other than its replacement three-carburetor engine, Gardner knew to have been stolen in the Eastern District of Wisconsin, to be transported in foreign commerce from Switzerland to Chicago, Illinois.

All in violation of Title 18, United States Code, Sections 2312 and 2.

6

## FORFEITURE NOTICE

19. Upon conviction of one or more of the wire fraud offenses, in violation of Title 18, United States Code, Section 1343, set forth in Counts 1 through 4 of this Indictment, or the offense of transportation of a stolen motor vehicle in foreign commerce, in violation of Title 18, United States Code, Section 2312, set forth in Count 5, or any combination of those offenses, Defendant Christopher Gardner shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses of conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense or offenses.

20. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

Dated: May 29th, 2019

MATTHEW D. KRUEGER
United States Attorney