UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

  v.                 Case No. 2:19-CR-00099

CHRISTOPHER GARDNER,

    *Defendant.*

---

**DEFENDANT'S STATEMENT PURSUANT TO
CRIMINAL LOCAL RULE 12(c) REGARDING MOTION TO EXCLUDE FORD'S
TESTIMONY AND DERIVATIVE EVIDENCE**

---

  Defendant Christopher Gardner, by his counsel, Jason D. Luczak and Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, hereby submits the following statement pursuant to Criminal Local Rule 12(c) (E.D. Wisconsin), and the Court's order to provide such a statement. (Doc. 42).

  The parties have conferred and agree that the Court's order sets forth that the evidentiary hearing will address the threshold issue of whether there was an attorney-client relationship between Joseph Ford and Christopher Gardner, and the scope of that relationship. It is the defense's understanding that if the Court determines that there is such a relationship, then a further evidentiary hearing may be ordered to address further issues of whether the government knew or had reason to believe that the information provided by Ford was privileged, whether the government utilized such privileged information from Ford to further its investigation, and whether the government's use of

1

such privileged information was knowing and reckless, such that further suppression of evidence is warranted.

It is the government's position that the Court may address further issues, such as whether the attorney-client privilege applies to any particular document and whether suppression if the appropriate remedy. (Doc. 42 at 8-9).

With that understanding, the principal legal issues on the threshold question are: (1) Was there was an attorney-client relationship between Ford and Christopher Gardner? (2) If so, what was the scope of the attorney-client relationship?

The relief requested by the defense at this initial hearing is for the Court to find that there was an attorney-client relationship between Ford and Gardner, and that the attorney-client relationship was formally in place from 2005 until 2013.

If the Court determines there was an attorney-client relationship, then Gardner requests that the Court review *in camera* the records and evidence Gardner asserts are covered by the privilege, and set an additional evidentiary hearing to address the remaining disputed issues of fact which include: (1) whether the government knew or had reason to believe that the information provided by Ford was privileged; (2) whether the government utilized such privileged information from Ford to further its investigation; and (3) whether the government's use of such privileged information was knowing and reckless, such that further suppression of evidence may be warranted.

The parties have conferred via phone and email prior to this filing, and provide the following description of the material facts in dispute on the threshold question: (1)

Was there an attorney-client relationship between Ford and Gardner? (2) What was the scope of the attorney-client relationship between Ford and Gardner?

The witnesses that the parties intend on calling related to the threshold question are:

**Joseph Ford**. He will testify related to his relationship with Gardner, and legal advice and services provided.

**Christopher Gardner**. He will testify related to his relationship with Ford, and the scope of Ford's legal services provided.

**Attorney Xavier Vahramian.** He will testify about communications he had with Ford about his legal representation of Gardner.

**Attorney Marc Favre.** He will testify about communications he had with Ford about his legal representation of Gardner.

**Attorney Paolo Catiglioni.** He will testify about communications he had with Ford about his legal representation of Gardner.

**Attorney Michael Mazur.** He will testify about communications he had with Ford about his legal representation of Gardner.

**David Clark.** He will testify that Ford held himself out as Gardner's lawyer.

**Attorney Phillip Varricchio.** He will testify that Ford held himself out as Gardner's lawyer.

**Attorney Stuart Somach.** He will testify that Ford held himself out as Gardner's lawyer.

**Attorney Antoine Barret.** He will testify that Ford held himself out as Gardner's lawyer.

**Special Agent Eric Fraser**. The government intends on calling him to testify regarding prior statements on the attorney-client relationship.

The defense expects that the hearing in this matter will take one day. The parties will also seek to stipulate to as many facts as possible to streamline the hearing.

Defense counsel sent this document to AUSA Scully and he has requested additional time to determine what additional witnesses to call.  The defense has no objection to that request.

Dated this 5th day of April, 2023.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: */s/ Jason D. Luczak*
    JASON D. LUCZAK
    State Bar No.  1070883
    Email:  jluczak@grgblaw.com
    NICOLE M. MASNICA
    State Bar No. 1079819
    Email: nmasnica@grgblaw.com
Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone:  414/271-1440