UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        *Plaintiff*,

  v.                                       Case No. 2:19-CR-00099

CHRISTOPHER GARDNER,

        *Defendant*.

---

### DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER DENYING HIS MOTION TO SUPPRESS OUT-OF-COURT AND IN-COURT IDENTIFICATION OF DEFENDANT BY WILLIAM BROWN

---

Defendant Christopher Gardner, by his counsel, Jason D. Luczak and Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, hereby objects to the Report and Recommendation of United States Magistrate Judge Nancy Joseph, which recommends the denial of Gardner's motion to suppress Brown's out-of-court identification of Gardner, and denial of Gardner's request for an evidentiary hearing. (Doc. 41).

As grounds of Gardner's objection, he hereby adopts and incorporates herein all arguments previously made by his counsel in his motion, as well as supporting exhibits and briefs made to Magistrate Judge Joseph. Gardner requests that the Court not adopt the Report and Recommendation, and instead grant an evidentiary hearing on the matter to determine whether, under the totality of the circumstances, the identification was nonetheless reliable.

1

In order to prevail on this motion, Gardner must establish first that the identification procedure used was suggestive and unnecessary. *U.S. v. Hawkins*, 499 F.3d 703, 707 (7th Cir. 2007). The Seventh Circuit has held that usage of such show-up identification procedures "are inherently suggestive." *U.S. v. Hawkins*, 499 F.3d 703, 707 (7th Cir. 2007). However, that is not the end of the inquiry, as the court must then determine whether the unduly suggestive procedure was unnecessary. "To determine whether, under the circumstances, the suggestive identification was unnecessarily so, we must determine whether there was a good reason for the failure to resort to a less suggestive alternative." *Id.* (citations omitted)

The Seventh Circuit in *Hawkins* "observe[d] that show-up identification is not unduly suggestive in cases of ***extraordinary*** urgency." *Id.* (emphasis added). "One such extraordinary situation is confirming that an individual apprehended close in time and proximity to the scene of the crime is, in fact, the suspected perpetrator of the crime." *Id.* (citing *United States v. Funches*, 84 F.3d 254(7th Cir. 1996); *United States v. Sleet*, 54 F.3d 303, 309)(citing *Johnson v. Dugger*, 817 F.2d 726, 729 (11th Cir. 1987)). Another extraordinary situation that requires an immediate show-up identification procedure is when "the identifying witness may not survive until a line-up can be arranged…." *Funches*, 84 F.3d at 254(citing *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972-73). Another example is when a show-up identification procedure is proper to "allow identification before the suspect has altered his appearance and while the witness' memory is fresh, and permit the quick release of innocent persons." *Id.* (citing *Sleet*, 54 F.3d at 309(quoting *Johnson*, 817 F.3d at 729)). None of these circumstances are present here. Moreover, the Seventh

2

Circuit has held that "[i]t is always advisable, however, that show-ups be employed with restraint to avoid suggestiveness inherent in such confrontations." *Funches*, 84 F.3d at 254.

In this case, the Magistrate Judge recommends that Gardner met this first prong as the show-up procedure used was unduly suggestive, and that there were no legitimate reasons for performing the identification procedure in that way. (*Id.* at 5-7). Gardner agrees with that finding, and does not object to it.

However, suppression is not necessary when the Government can establish that an unnecessarily suggestive procedure is otherwise reliable given the totality of the circumstances. The United States Supreme Court has identified the following factors to consider related to the likelihood of misidentification: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

The Magistrate Judge's recommendation is that the Government has shown that the procedure was otherwise reliable. Gardner objects to this finding, and requests an evidentiary hearing so that the Court can determine the facts that are clearly in dispute as they relate to this prong of the analysis. The defense has set forth, and the Magistrate Judge's recommendation does not address, that Brown's identification of Gardner as the "Swiss guy" when Gardner had never lived in Switzerland at the time of the alleged theft is inherently unreliable and evidence of possible taint of his testimony. This is a huge red flag as it relates to Brown's identification of Gardner. Brown identified the person

involved in the theft as the "Swiss guy". This factor shows that Brown could absolutely be mistaken when he identified Gardner as that person when showed only one photograph, as he believed the man involved in the theft to be a resident of Switzerland, which Gardner indisputably was not.

The reports submitted in support of this motion also establish other factors that should cause the Court to be concerned about the reliability of Brown's identification. Brown stated to the FBI the man in the photograph looked older than he remembered and that the photo was blurry, demonstrating that he was subject to improper influence of an unnecessarily suggestive identification. This is only amplified by the fact that this identification was important to the Government not only because it helps place Gardner at the alleged scene of the crime, but also because Brown was unable to name Mr. Gardner as his accomplice prior to the identification. This fact undercuts the Magistrate Judge's finding that the identification was inherently reliable.

This is not a situation where Brown had been saying "Christopher Gardner" was involved and then shown a picture to confirm that he was, in fact, the person involved. To the contrary, Brown only referred to that person as the "Swiss guy," which Gardner was not. This shows that the unduly suggestive procedure was so intertwined with the positive identification of Gardner that it is not possible for the Government at this stage to show that the identification was otherwise reliable, particularly absent an evidentiary hearing. At this point, there has been no showing by the Government that the unduly suggestive procedure was reliable absent the show-up identification procedure used in this case.

Furthermore, an evidentiary hearing is necessary to determine how confident Brown was in the identification and to what extent the show-up procedure has influenced Brown's future identification of Gardner.

For all of the reasons stated herein, and the arguments and evidence made in previous filings, Gardner requests that the Court reject the Report and Recommendation (Doc. 41), and order an evidentiary hearing to fully consider whether the unduly suggestive identification was not otherwise reliable.

Dated this 12th day of April, 2023.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: */s/ Jason D. Luczak*
    JASON D. LUCZAK
    State Bar No. 1070883
    Email: jluczak@grgblaw.com
    NICOLE M. MASNICA
    State Bar No. 1079819
    Email: nmasnica@grgblaw.com
Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440