UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                           Case No. 19-CR-099

CHRISTOPHER C. GARDNER,

          Defendant.

**GOVERNMENT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS OUT-OF-COURT AND IN-COURT IDENTIFICATION OF DEFENDANT BY WILLIAM BROWN (DKT. 41)**

The United States of America, by and through its undersigned attorney, files these objections to part of the Report and Recommendation on Defendant's Motion to Suppress Out-of-Court and In-Court Identification of Defendant by William Brown (Dkt. 41).

On May 29, 2019, a grand jury in the Eastern District of Wisconsin returned a five-count indictment charging defendant Christopher Gardner with four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 and one count of transportation of a stolen motor vehicle in foreign commerce in violation of 18 U.S.C. §§ 2312 and 2. Dkt. 1.

On January 28, 2023, the defendant moved to suppress evidence of William Brown's out-of-court identification of the defendant and to suppress any future in-court identification of Gardner, and requested an evidentiary hearing on the issue. *See* Dkt. 31. On March 29, 2023, Magistrate Judge Joseph denied the defendant's request for an evidentiary hearing and recommended that the defendant's motion to suppress be denied. *See* Dkt. 41, at 1, 9.

In ruling on the suppression motion, the Court conducted a two-step analysis to determine whether the admission of testimony regarding an out-of-court identification offends the defendant's due process rights: (1) whether the defendant established that the identification procedure was unduly suggestive; and (2) if the defendant established the first factor, whether, under the totality of the circumstances, the identification was nonetheless reliable. *See id.* at 5–6 (citing *United States v. Hawkins*, 499 F.3d 703, 707 (7th Cir. 2007)). Magistrate Judge Joseph found that even though the identification procedure was unduly suggestive, Brown's identification of the defendant was nonetheless reliable. *See id.* at 7–8. Thus, the Court's ruling was based on the second step of the analysis and was correct.

As to the first step of the analysis, however, the Court found the government's rationale for using the identification procedure "inadequate" based on the defendant's assertion that the government had in its possession other photographs of him, including his passport and driver's license photographs. *See* Dkt. 41, at 7; Dkt. 39, at 9. The Court stated that, assuming this defense assumption is correct, it was unclear why the FBI agent would not have used one of those photographs, which appear much more consistent with the "mugshot-style" photos usually presented in a photo array. *Id.*

The government seeks to correct this misimpression that arose from the defendant's filings. In his reply, the defendant only indicated that "INTERPOL issued a red notice, and it contained three of Mr. Gardner's passport/driver's license photographs." Dkt. 39, at 9. The defendant's reply does not mention that the date of the red notice, September 24, 2019, was several months after the interview of Brown, which occurred on March 19, 2019. Nothing he submitted indicates in any way that, at the time of Brown's identification of the defendant in March 2019, the government

had in its possession the defendant's driver's license and passport photos—which it only later had in the fall of 2019. The FBI agent's explanation for his use of the full-body photograph for the identification, then, remains uncontroverted and was appropriate at the time.

For the reasons stated herein, the government objects to the first part of the analysis contained in the Report and Recommendation.

Dated this 12th day of April, 2023.

Respectfully Submitted,

*/s/ John P. Scully*
JOHN P. SCULLY
Assistant United States Attorney
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Ave., Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
john.scully2@usdoj.gov