UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 19-CR-099

CHRISTOPHER C. GARDNER,

        Defendant.

**RESPONSE TO DEFENDANT'S PROPOSED SUBPOENAS**

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and John P. Scully, Assistant United States Attorney, hereby responds to the defendant's Proposed Subpoenas to Antoine Barret and Xavier Vahramian in France, and Paolo Castiglioni and Marc Favre in Switzerland. *See* Dkt. 46.

Subpoenas in criminal cases are governed by Federal Rule of Criminal Procedure 17, which contemplates the service of subpoenas in a foreign country if "the witness is in a foreign country," and states that such circumstances are governed by 28 U.S.C. § 1783. Fed. R. Crim. P. 17(e)(2). The statute, in turn, provides that a U.S. court "may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country. . . ." 28 U.S.C. § 1783(a).

The defendant in his filings provides no information that the above-named individuals, located in foreign countries, are either U.S. nationals or residents. If they are nationals and residents of European countries (as the available information suggests), then the Court may not

compel their attendance at a hearing in the U.S. *See In re Petition of Boehringer Ingelheim Pharms., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa Prod. Liab. Litig.*, 745 F.3d 216, 218 (7th Cir. 2014) ("A federal judge is empowered to subpoena a U.S. citizen living abroad to appear before" the U.S. court, but "foreigners who are not in the United States are beyond the subpoena power of our courts. . . ."); *see also Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir. 2010). The issue is thus straightforward—if they are "not citizens of the United States and do not reside here, they are not amenable to United States subpoenas." *United States v. Korolkov*, 870 F. Supp. 60, 65 (S.D.N.Y. 1994) (citing Fed. R. Crim. P. 17(e)(2); 28 U.S.C. § 1783; *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984)).[1] Accordingly, it appears to the government that the Court is without power to compel these individuals as requested by the defense.

WHEREFORE, the government respectfully submits that the Court has no authority to issue the subpoenas requested by the defendant, absent some showing that they are U.S. nationals or residents.

Dated this 20th day of April, 2023.

Respectfully Submitted,

*/s/ John Scully*
JOHN SCULLY
Assistant United States Attorney
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Ave., Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
john.scully2@usdoj.gov

---

[1] Even if they are U.S. nationals or residents, the defendant provides no information indicating that their testimony "is necessary in the interest of justice" in the criminal prosecution, as required by the statute. 28 U.S.C. § 1783.