UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                   Case No. 19-CR-099

CHRISTOPHER C. GARDNER,

           Defendant.

## UNITED STATES' REPLY REGARDING ITS OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and John P. Scully, Assistant United States Attorney, hereby replies to the defendant's Response (Dkt. 49) to the Government's Objections (Dkt. 45) to the Magistrate Judge's Report and Recommendation (Dkt. 41) on the Defendant's Motion to Suppress the Out-of-Court and In-Court Identification of the Defendant by William Brown (Dkt. 28).

The government filed its objection to the Magistrate Judge's Report and Recommendation to correct a misimpression. The Magistrate Judge assumed it was correct "that the government had in its possession other photographs of Gardner, including his passport and driver's license photographs. . . ," and based on that assumption, found it "unclear why the FBI would not have used one of those photographs, which appear much more consistent with the 'mugshot-style' photos" usually presented in a photo array. Dkt. 41, at 7. In his Response to the Government's Objections, the defendant said that he "was not attempting to give any misimpression relating to

1

the timing of" when the government had in its possession those photographs, which, rather than having been in the government's possession, he says were accessible to the government at the time of the identification procedure. Dkt. 49, at 1, 2. As a result, the Magistrate Judge could not properly have assumed to be correct the assertion "that the government had in its possession other photographs of Gardner. . . ." Dkt. 41, at 7.

The defendant in his Response argues again for an evidentiary hearing, which the Magistrate Judge correctly denied because such hearings are not held as a matter of course. Instead, they are warranted only when the allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented, and disputed issues of material fact exist that will affect the outcome. *See* Dkt. 41, at 5 (quoting *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998)). The defendant's motion did not identify any disputed issues of material fact. The only issue for such a hearing identified in the motion was whether "the show-up identification of Mr. Gardner by Mr. Brown should be suppressed," Dkt. 28, at 2—the legal question at issue instead of any facts that he claims are in dispute.[1]

In any event, Magistrate Judge Joseph found that even though the identification procedure was unduly suggestive, Brown's identification of the defendant was nonetheless reliable. *See id.* at 7–8. The Magistrate Judge appropriately applied the two-step analysis concerning the

---

1 The defendant later raised in his reply what he claimed to be material factual disputes, *see* Dkt. 39, at 6, but arguments raised for the first time in reply are properly deemed waived. *See United States v. Furr*, No. 07-CR-57, 2015 WL 1034056, at *3 (E.D. Wis. Mar. 10, 2015) (citing *United States v. Kennedy*, 726 F.3d 968, 974 n.3 (7th Cir. 2013)); *United States v. Velasquez*, No. 2:11CR77-PPS, 2016 WL 5916007, at *4 (N.D. Ind. Oct. 11, 2016) (*United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006)). And even if the Court were to consider them, as the Magistrate Judge correctly found, the analysis does not require an evidentiary hearing. *See* Dkt. 41, at 5. The defendant has continued to attempt to raise issues, but none justify an evidentiary hearing. The government has provided its rationale for the identification procedure, which the Court can evaluate to rule on the motion; the other issues raised will not aid its analysis.

defendant's due process rights, and reached the correct decision. *See id.* at 5–6 (citing *United States v. Hawkins*, 499 F.3d 703, 707 (7th Cir. 2007)).

For the reasons discussed above, and in its prior response (Dkt. 31) and objections (Dkt. 45), the government respectfully submits that the defendant's motion to suppress should be denied.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2023.

                                              GREGORY J. HAANSTAD
                                              United States Attorney

By:    */s/ John Scully*

                    JOHN SCULLY
                    Assistant United States Attorney
                    United States Attorney's Office
                    Eastern District of Wisconsin
                    517 East Wisconsin Ave., Room 530
                    Milwaukee, WI 53202
                    Telephone: (414) 297-1700
                    john.scully2@usdoj.gov