UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

   *Plaintiff,*

 v.            Case No. 2:19-CR-00099

CHRISTOPHER GARDNER,

   *Defendant.*

---

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER DENYING HIS MOTION TO SUPPRESS OUT-OF-COURT AND IN-COURT IDENTIFICATION OF DEFENDANT BY WILLIAM BROWN**

---

   Defendant Christopher Gardner, by his counsel, Jason D. Luczak and Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, hereby replies to the Government's response (Doc. 50) to the defense's objection to the Report and Recommendation of United States Magistrate Judge Nancy Joseph, which recommends the denial of Gardner's motion to suppress Brown's out-of-court identification of Gardner, and denial of Gardner's request for an evidentiary hearing. (Doc. 41).

   First, the government's argument that an evidentiary hearing was properly denied ignores the many factual disputes that are evident throughout the pleadings related to this motion. These are not newly discovered or raised issues and were properly set forth in the many filings with the Court. They include the factors related to the Court's consideration of whether the identification procedures were unduly suggestive and not

1

otherwise reliable. The government continues to ignore these and instead relies heavily on procedural arguments in order to prevent the merits of this motion from being fully considered by the Court.

To start, as stated many times, the defense does not agree that Gardner participated in the alleged theft in 2001 with Brown and Burke, and instead believes that Brown's identification was unduly influenced by the highly suggestive show-up procedure used by the FBI in this case. There was no need to use such a suggestive procedure. That the FBI chose to use such a tactic suggests there was an effort to improperly influence Brown's identification in order to ensure that he identified Gardner as the "Swiss guy."

Furthermore, the defense disagrees with the factual assertions made by the government related to Burke's opportunity to observe the individual he repeatedly and unequivocally deemed the "Swiss guy." There was nearly two decades in between their alleged meeting and the identification in question. Moreover, as the defense has repeatedly pointed out, Burke coined the man that had allegedly put him up to the theft as the "Swiss guy" though Gardner had indisputably never lived in Switzerland at that point. The use of that moniker should give a factfinder pause when looking at whether Burke's identification of Gardner was accurate or rather subject to improper influence in the form of the identification procedure.

Other factual issues are in dispute related to the highly suggestive nature of the identification procedure. For example, why did the FBI not conduct a formal photo array to include photographs of other individuals who matched the description of the man

2

provided by Burke? Why did the FBI not use photographs at its disposal of Gardner that were taken closer in time to the theft and that would have been much easier to use in a photo array, such as Mr. Gardner's driver's license and passport photographs that appeared in the government issued red notice? How exactly did Burke describe the physical appearance of the "Swiss guy" and why did he call him the "Swiss guy?" Why did he believe the man to be from Switzerland and does this undermine his identification of Gardner as the co-actor in the theft? These questions remain unanswered and as a result, there cannot be a proper determination on the merits of the motion to suppress, as well as the implications of a mid-trial, in court identification of Gardner.

Thus, the original motion, subsequent reply brief, and objection to the magistrate judge's findings unquestionably identified several factual issues in dispute, and this Court should order an evidentiary hearing related to this motion so that the Court can properly consider the factors related to whether the identification was unduly suggestive and not otherwise reliable. There pleadings demonstrate that there remain obvious disagreements between the parties on the fundamental facts at issue in this motion, and Gardner believes that the motion should be considered on the merits, which would require an evidentiary hearing.

Second, the Magistrate Judge did not properly determine that the identification was otherwise reliable. The government continues to argue that there are no facts in dispute but just because it says it repeatedly does not mean it is true. There is nuance in some of the factors that require an evidentiary hearing. They include the extent to which Brown saw the "Swiss guy," how sure he was or the way he equivocated when looking

3

at the unduly suggestive show-up photograph, the extent to which Brown was influenced by this unduly suggestive procedure, and the actual description that was provided by Brown which was quite vague and could cover many individuals. Ultimately, the lack of evidentiary hearing does not allow the Court to thoroughly consider these factors and Gardner requests that the Court order an evidentiary hearing so that a proper record can be made related to these issues.

For all of the reasons stated herein, and the arguments and evidence made in previous filings, Gardner requests that the Court reject the Report and Recommendation (Doc. 41), and order an evidentiary hearing to fully consider whether the unduly suggestive identification was not otherwise reliable.

Dated this 3rd day of May, 2023.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: */s/ Jason D. Luczak*
    JASON D. LUCZAK
    State Bar No. 1070883
    Email: jluczak@grgblaw.com
    NICOLE M. MASNICA
    State Bar No. 1079819
    Email: nmasnica@grgblaw.com
Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440